### WHITAKER v. WILLIS et al.

(Court of Civil Appeals of Texas. Austin. April 24, 1912.)

1. EVIDENCE (§ 444*)—PAROL EVIDENCE—VARYING CONTRACTS OF SALE OF REAL ESTATE.

A written contract for the sale of land, which stipulates that the vendor shall convey a merchantable title, that to secure performance each party has deposited a specified sum for forfeit, the same to be returned when the terms have been complied with, and that the trade shall be consummated by a designated date, but, in case of unavoidable delay, a few days additional shall be allowed, is unambiguous, and cannot be varied by parol evidence of an agreement that the question of title should be submitted to a designated attorney, whose decision should be binding.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. § 444.*]

2. VENDOR AND PURCHASER (§§ 107, 116*)—CONTRACTS—RIGHTS OF PARTIES.

A purchaser in a contract for the sale of land, stipulating that the vendor should convey a merchantable title, and reciting that each party had deposited a specified sum for forfeit, to be returned when terms of contract were complied with, was not entitled to the vendor's deposit, where the vendor had not refused to convey and it was not shown that his title was not merchantable, and where the purchaser had not tendered performance on his part.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 188–192, 205–208; Dec. Dig. §§ 107, 116.*]

3. VENDOR AND PURCHASER (§ 130*)—CONTRACTS—MERCHANTABLE TITLE.

A purchaser entitled to a merchantable title may not, to show want of title in the vendor, prove that after the contract a third person sued the vendor for the land, since, notwithstanding the suit, the vendor may have a perfect title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by J. J. Whitaker against R. B. Willis and another. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

E. W. Bounds, of Marlin, for appellant. Tom Connally, of Marlin, for appellees.

KEY, C. J. August 8, 1910, R. B. Willis and J. J. Whitaker entered into a written contract, by the terms of which Willis was to sell to Whitaker a certain farm. Said contract contained a stipulation to the effect that Willis agreed to convey to Whitaker a merchantable title to the farm. It also recited that, in order to render it binding, each party had deposited with the First State Bank of Eddy, Tex., $300 "for forfeit, same to be returned when terms have been complied with." The contract also contained a stipulation that the trade was to be consummated by October 15th, but, in case of unavoidable delay, a few days additional was to be allowed. January 6, 1911, Whitaker brought suit, making both Willis and the bank defendants, and sought to recover the $600 deposited with the bank. In its answer the bank admitted that it was a stakeholder, and ready and willing to pay the $600 as directed by the court. The defendant Willis filed an answer containing exceptions, a general denial, and a special plea, alleging that the plaintiff had breached the contract, and seeking to recover from the plaintiff and the bank the entire $600.

There was a jury trial, which resulted in a verdict and judgment to the effect that Whitaker and Willis each recover the $300 delivered by each to the bank, and Whitaker has appealed.

[1] We overrule appellant's contention that the court erred in not permitting him to prove that there was an oral agreement between him and Willis to the effect that the question of title to the land was to be submitted to a particular attorney, and his decision as to whether it was a merchantable title was to be binding upon the parties. In that particular there was no ambiguity in the written contract; and, as the testimony referred to would have varied its terms in that regard, it was not admissible, and the trial court properly excluded it.

[2] Under the charge of the court, the jury found, in effect, that Willis had not refused to make a deed conveying the land to Whitaker, as the latter charged in his petition, and as there was no proof showing that Willis could not have conveyed a merchantable title, and no proof that the plaintiff had tendered a compliance with the con-

tract upon his part, the plaintiff was not entitled to recover the money deposited by Willis, and the trial court might have instructed a verdict against him in that respect.

[3] We also hold that no error was committed in refusing to permit the plaintiff to prove that, after the contract was made, a third party brought suit against Willis for the land. Notwithstanding the fact that such suit was brought, Willis may have had a perfect title to the land; and, if such was the case, it was a merchantable title.

No reversible error has ·been pointed out; and the judgment is affirmed.

Affirmed.